IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOE BERNARD HUGHES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 110-077 |
| | ) | |
| GREG COURSEY, Sheriff of Burke County,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Joe Bernard Hughes, an inmate incarcerated at the Burke County Jail in Waynesboro, Georgia, has filed the above-captioned case pursuant to 28 U.S.C. § 2241 challenging his pre-trial detention. He also seeks permission to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) For the reasons set forth below, the Court **REPORTS** and

---

[1] Petitioner lists Gene Boseman, an investigator with the Waynesboro Police Department, and the Burke County Superior Court as Respondents in this habeas petition filed pursuant to 28 U.S.C. § 2241. (See doc. no. 1, p. 1.) However, in a habeas proceeding, the case or controversy is between the person in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965). Thus, Gene Boseman and the Burke County Superior Court are not proper Respondents in this action. Rather, as Petitioner is incarcerated at the Burke County Jail, Greg Coursey, Petitioner's custodian by virtue of his position as Sheriff of Burke County, is the proper Respondent in this case. Accordingly, the **CLERK** is **DIRECTED** to terminate Gene Boseman and the Burke County Superior Court as Respondents and to add "Greg Coursey, Sheriff of Burke County," as the proper Respondent.

**RECOMMENDS** that the motion to proceed IFP be deemed **MOOT** (doc. no. 2), that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.[2]

## I. BACKGROUND

According to Petitioner, he has been charged with aggravated assault following the December 27, 2009 shooting of an individual named Desmond Holmes. (Doc. no. 1, p. 3.) It also appears from other documents filed by Petitioner that he has been charged with possession of a firearm during the commission of a crime, possession of a firearm by a convicted felon, and reckless conduct. (Doc. no. 3, pp. 1, 6-8.) In addition, it appears that Petitioner was arrested on these charges on January 22, 2010, and has been held in the Burke County Jail since that date. (See doc. no. 1, p. 8; doc. nos. 3, 4.) However, Petitioner states that he was not the shooter and that multiple individuals involved in the investigation previously informed him that he was not going to be charged as the shooter. (Doc. no. 1, pp. 3-4.) Petitioner also alleges that individuals who gave statements following the shooting have lied and falsely informed investigators that Petitioner was the shooter. (Id. at 4.)

In any event, Petitioner steadfastly maintains his innocence and states that Judge Carlisle Overstreet, Superior Court Judge, wrongfully denied him bond, even though he knew that Petitioner was not going to be charged.[3] (Id. at 5.) In a letter written since he filed his petition, Petitioner also complains that although a public defender has been assigned to

---

[2]As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing a response to the instant petition. 28 U.S.C. § 2243.

[3]Petitioner later provides that Judge James G. Blanchard, Jr., Superior Court Judge, has now been assigned to his case. (See doc. no. 3, p. 1; doc. no. 4.)

2

his case, the public defenders present at his most recent bond hearing handled everyone else's cases but his. (Doc. no. 4.) As relief, Petitioner requests that he be given bond and that the charges be dropped. (Doc. no. 1, p. 3.)

## II. DISCUSSION

To begin, Petitioner's challenge to his pre-trial detention in a § 2241 petition is proper. See Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) (noting that a person held in pre-trial detention should file a § 2241 petition, as opposed to a § 2254 petition, because a pre-trial detainee is not "in custody pursuant to the judgment of a State court" (quoting 28 U.S.C. § 2254(a))); see also Hiteshaw v. Butterfield, 262 F. App'x 162, 164 (11th Cir. 2008) (*per curiam*) (finding that the district court improperly characterized state pre-trial detainee's federal habeas petition as a § 2254 petition and remanding the case for consideration as a § 2241 petition); Stacey v. Warden, Apalachee Corr. Inst., 854 F.2d 401, 403 n.1 (11th Cir. 1988) (*per curiam*) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered." (citation omitted)).

That said, all "habeas corpus actions require a petitioner fully to exhaust state remedies." Wilkinson v. Dotson, 544 U.S. 74, 79 (2005). Specifically, the exhaustion doctrine, "first announced" in Ex parte Royall, 117 U.S. 241 (1886), requires the petitioner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (§ 2254 case). The Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a

3

"fair opportunity" to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). In order to afford the state courts this "full and fair opportunity" to address his claims, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

Notably, precedent in this Circuit establishes that the exhaustion requirement applies to habeas petitions like the one in the instant case challenging an inmate's pre-trial detention. See Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (noting applicability of exhaustion requirement to § 2241 petition challenging pre-trial detention); Tooten v. Shevin, 493 F.2d 173, 175 (5th Cir. 1974)[4] (noting in the context of a pre-trial detainee's federal habeas petition that "[a]lthough federal courts have the power to release state prisoners before trial, the exhaustion requirement must be fulfilled."); Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1974) (noting in case addressing a pre-trial federal habeas petition that although "the [common law exhaustion] requirement was codified in 28 U.S.C. § 2254(b), . . . the requirement applies to all habeas corpus actions."); see also Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) (citations omitted) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").

---

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

4

In Georgia, the proper method for challenging improper pre-trial detention, including a challenge to bond, is a state petition for a writ of habeas corpus. See Mullinax v. State, 515 S.E.2d 839, 840 (Ga. 1999); Bozzuto v. State, 624 S.E.2d 166, 168 (Ga. Ct. App. 2005) (citations omitted). Here, Petitioner has not alleged, and there is nothing in the record to suggest, that he filed a state habeas petition challenging his pre-trial detention, much less that he exhausted his state court remedies prior to filing the instant § 2241 petition. Accordingly, the instant petition should be dismissed for failure to exhaust.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed IFP be deemed **MOOT** (doc. no. 2), that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of July, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE